UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JASON BORNE

VERSUS

NEWREZ, LLC, ET AL.

CIVIL ACTION NO.

25-200-SDD-EWD

**NOTICE AND ORDER**

Before the Court is the "Suit at Common-Law with Common-Law Jury Demand" ("Complaint"), filed by Plaintiff Jason Borne ("Borne"), who is representing himself, and which names NewRez, LLC, as well as its alleged executives, Spencer Mosness and Baron Silverstein, as defendants.[1] The Complaint alleges that Defendants have attempted to collect a debt from him, and "acting under the guise of a mortgage servicer," have threatened to foreclose on Borne's property but have failed to provide proof of their interest in Borne's property, such as a promissory note, despite Borne's demand for proof.[2] The Complaint also alleges that Defendants have reported negative credit information regarding the alleged debt to consumer reporting agencies.[3] The Complaint generally alleges that Defendants' actions amount to unlawful and deceptive business practices, fraudulent credit reporting, wrongful foreclosure attempts, injury to his creditworthiness, breaches of duties, attempted theft, *etc.*[4] Borne seeks relief in the amount of $3.57 million dollars.[5]

The Complaint does not provide enough information about the basis for this Court's subject matter jurisdiction. Borne is required to explain the grounds for filing in federal court because, unlike state district courts, which are courts of general jurisdiction that can hear all types of claims, federal courts can only hear those cases over which there is federal subject matter jurisdiction. Federal

---

[1] R. Doc. 1. Borne has paid the filing fee. This Order references to documents in the record of this case as "R. Doc. __."
[2] R. Doc. 1, pp. 2-3.
[3] R. Doc. 1, p. 3.
[4] R. Doc. 1, pp. 4-5.
[5] R. Doc. 1, p. 8.

J. Borne by regular and by certified return receipt requested no. 9589 0710 5270 1607 9429 36

subject matter jurisdiction may generally be established in two ways. This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."[6] This Court also has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[7] The burden of establishing federal subject matter jurisdiction is on the party asserting it (here, Borne).[8] A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[9]

In this case, subject matter jurisdiction based on diversity of citizenship has not been adequately alleged because, while Borne has expressly demanded damages above the jurisdictional threshold of $75,000, exclusive of interest and costs, he has not alleged his citizenship or that of any of the Defendants.[10] If Borne contends that this Court has diversity subject matter jurisdiction, Borne is required to adequately allege the citizenship of all parties and the amount in controversy.

Borne appears to be challenging the validity of a debt that Defendants are attempting to collect and is contending that Defendants have reported information that has negatively impacted his credit. While there may be subject matter jurisdiction over Borne's claims based on alleged violations of federal law, Borne has not provided enough information in the Complaint to establish that basis for jurisdiction.[11]

---

[6] 28 U.S.C. § 1331.

[7] 28 U.S.C. § 1332.

[8] *Willoughby v. United States ex rel. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

[9] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).

[10] "For diversity purposes [for individuals], citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996), citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, (1989). "A corporation is a citizen of its place of incorporation and its principal place of business," and both must be properly alleged. 28 U.S.C. § 1332(c). *See also Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("The citizenship of a limited liability company is determined by the citizenship of all of its members."). Therefore, the identity and citizenship of each member of an LLC must be pleaded.

[11] Borne only refers to bringing his claims pursuant to "common-law." R. Doc. 1.

The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, prohibits a debt collector, defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another,"[12] from using any false or misleading representations or unfair practices[13] (among other prohibitions) in connection with collecting or attempting to collect debt from a consumer.[14] In order to succeed in a civil lawsuit brought under the FDCPA, the plaintiff must prove the following: "(1) that the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."[15]

Giving the Complaint a generous interpretation because Borne is representing himself, he has potentially alleged that Defendants are debt collectors.[16] However, Borne has failed to allege the other required elements of an FDCPA claim. Borne only generally refers to Defendants attempting to

---

[12] 15 U.S.C. § 1692a(6) (emphasis added). This definition contains several exceptions. *See* 15 U.S.C. § 1692a(6)(A)-(F).

[13] *See* 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt … the following conduct is a violation of this section: … (2) The false representation of – (A) the character, amount, or legal status of any debt; … (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; … (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…"). *See also* 15 U.S.C. § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt…").

[14] 15 U.S.C. § 1692a(3) (defining "consumer" as any natural person obligated or allegedly obligated to pay any debt) and 15 U.S.C. § 1692(5) (defining "debt" as any obligation or alleged obligation of a consumer to pay money arising primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment).

[15] *McCoy v. SC Tiger Manor, LLC,* No. 19-723, 2022 WL 6845990, at *4 (M.D. La. Sept. 23, 2022), report and recommendation adopted, No. 19-723, 2022 WL 6785738 (M.D. La. Oct. 11, 2022), citing *Sibley v. Firstcollect, Inc.*, 913 F. Supp. 469, 471 (M.D. La. 1995). *See also* 128 Am. Jur. Trials 243 and *Jackson v. Bank of Am., N.A.*, No. 15-346, 2017 WL 1173933, at *2 (M.D. La. Mar. 28, 2017) ("In order to state a claim under the FDCPA, Jackson must allege that '(1) he has been the object of collection activity arising from consumer debt, (2) the defendant is a 'debt collector' as defined by the Act, and (3) the defendant has engaged in an act or omission prohibited by the Act.'"). The FDCPA's prohibitions involve the following: (1) the time and manner of collection activity; (2) direct communication with consumers; (3) engaging in conduct resulting in harassment or abuse; (4) the use of false, deceptive, misleading representations and/or threats to take unavailable or unintended actions; and (5) the use of unfair or unconscionable means. 15 U.S.C. § 1692c-§1692f.

[16] *See* R. Doc. 1, p. 3 (alleging Defendants have issued demands for payment, a notice of default and threatening foreclosure of Borne's property, but also alleging that Defendants are "mortgage servicers," *id.* at p. 2).

collect on a "debt" and a "claim," but fails to provide any specifics about the debt, including whether it is a "consumer debt" (although Borne does allege that Defendants have attempted to foreclose on/enforce a security interest on his property), and whether Borne is a "consumer" as defined by the FDCPA. As to the element that Defendants violated the FDCPA's provisions, Borne alleges that Defendants have "no lawful standing," generally references "fraudulent misrepresentation[s]" "unlawful debt collection practices," and "deceptive business practices," and contends that Defendants issued demands for payment and engaged in misleading conduct, but fails to provide any information about the specific alleged conduct and/or actions. Borne also does not explain what damages, if any, he suffered based on the conduct alleged.[17]

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq.*, was enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies.[18] The FCRA applies to Credit Reporting Agencies ("CRAs") and furnishers of information to CRAs.[19] In this case, Borne alleges that Defendants reported negative information regarding his credit.[20] "The FCRA requires that 'furnishers of information … provide accurate information,' and imposes certain obligations or duties on the furnishers *upon notice of dispute*.[21] This notice is necessary to trigger the furnisher's duties to investigate and correct credit reports under Section 1681s-2(b) of the FCRA."[22] This means that, to establish a claim under Section 1681s-2(b), the consumer must notify the CRA of a dispute, of which the CRA then notifies the furnisher of

---

[17] At most, Borne generally claims to have suffered harm, distress, and hardships. R. Doc. 1, p. 5.

[18] 15 U.S.C. § 1681, *et seq.*

[19] *McCoy,* 2022 WL 6845990, at *5 ("Although the FRCA primarily regulates the actions of consumer reporting agencies, Section 1681s-2 imposes responsibilities on furnishers of information to consumer reporting agencies. 15 U.S.C. § 1681s-2; *Shaunfield v. Experian Information Solutions, Inc.*, 991 F.Supp.2d 786, 794 (N.D. Tex. 2014).").

[20] *See* R. Doc. 1, pp. 3-4 (referring to Defendants reporting "negative credit information regarding an alleged debt to consumer reporting agencies").

[21] 15 U.S.C. § 1681s-2(b).

[22] *Schoch v. Wells Fargo Home Mortg.*, No. 16-619-, 2017 WL 2385626, at *3 (E.D. Tex. Apr. 11, 2017), report and recommendation adopted, No. 16-619, 2017 WL 2312079 (E.D. Tex. May 26, 2017) (emphasis added).

information. "If a CRA notifies a furnisher of credit information … that a consumer disputes the reported information, the furnisher must 'review all relevant information provided by the [CRA],' 'conduct an investigation,' 'report the results of the investigation,' and 'modify ... delete ... or ... permanently block the reporting of [inaccurate or incomplete] information.'"[23] Borne has not alleged that he notified a CRA of a specific dispute regarding his credit file to trigger investigation by Defendants, as furnishers of information.  In summary, to adequately allege subject matter jurisdiction under either the FDCPA or the FCRA, Borne must provide sufficient details of each element of those claims.

Considering that Borne is representing himself, he will be given thirty days, until April 10, 2025, to file an amended Complaint that adequately alleges a basis for the Court's subject matter jurisdiction and that states facts to support his claims using the attached form Complaint.

While the pleadings of individuals who are representing themselves are liberally construed,[24] Borne is reminded that, even though he is not an attorney, he is still required to comply with the

---

[23] *McCoy,* 2022 WL 6845990, at *5, citing *Jett v. Am. Home Mortg. Servicing, Inc.*, 614 Fed.Appx. 711, 713 (5th Cir. 2015) (quoting 15 U.S.C. § 1681s–2(b)(1)(A)-(E)).  *See also McCoy, id.* at *8 ("To recover under section 1681s-2(b), a plaintiff must demonstrate that (1) she notified a consumer reporting agency of inaccurate information; (2) the consumer reporting agency notified the Defendant of the dispute; and (3) the Defendant failed to conduct an investigation, correct any inaccuracies and failed to notify the consumer reporting agency of the results of the investigation.' *Id.* (quoting *Bacharach v. SunTrust Mortg., Inc.*, No. 14-962, 2015 WL 1897653, at *3 (E.D. La. Apr. 27, 2015)).").

[24] *Coleman v. United States,* 912 F.3d 824, 828 (5th Cir. 2019) ("The filings of a *pro se* litigant are 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]' *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))… In addition, 'pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.' *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).")  Furthermore, "[d]espite our general willingness to construe pro se filings liberally, we still require pro se parties to fundamentally 'abide by the rules that govern the federal courts.'" *E.E.O.C. v. Simbaki, Ltd.,* 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (citation omitted).  "Pro se litigants must abide by the Federal Rules of Civil Procedure…." *Stewart v. Atherio Inc.,* No. 16-1731, 2018 WL 1899291, at *2 (N.D. Tex. Apr. 19, 2018). Notwithstanding the statements in the Complaint, including that, *e.g.*, no "motion(s), report(s) based on civil procedures, statutes or district court decisions will be acknowledged," Borne is specifically cautioned that he is required to comply with the Federal Rules of Civil Procedure, this Court's Local Civil Rules, and any orders from this Court.  Failure to timely comply with orders subjects his case to dismissal. *See* Federal Rule of Civil Procedure 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 —operates as an adjudication on the merits."). A court may also dismiss a case on its own motion for a plaintiff's failure to comply with court orders under Rule 41.  *See McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir. 1988) ("A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court. Fed. R. Civ. P. 41(b). The court possesses the inherent authority to dismiss the action *sua sponte,*

5

Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Administrative Procedures for Electronic Filing regarding the form and content of federal pleadings.[25]

A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[26] If Borne cannot establish subject matter jurisdiction, the suit must be dismissed.

Accordingly:

**IT IS ORDERED** that**, by no later than April 10, 2025**, Plaintiff Jason Borne shall file a comprehensive amended complaint, that sufficiently alleges a basis for this Court's subject matter jurisdiction. A copy of the Complaint form is attached.

**IT IS FURTHER ORDERED** that if Jason Borne files an amended Complaint, it must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Administrative Procedures for Electronic Filing.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit this Notice and Order to Plaintiff Jason Borne by regular and by certified mail, return receipt requested to his address listed on PACER.

**Failure to timely respond as ordered may result in a recommendation of dismissal of Plaintiff Jason Borne's claims in this matter without further notice.**

Signed in Baton Rouge, Louisiana, on March 11, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

without motion by a defendant. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962).").

[25] *See* Fed. R. Civ. P. 8, 10-11, which are available online, and Local Rules 5, 7, 10, and 11, which may be found on the Court's website at https://www.lamd.uscourts.gov/court-info/local-rules-and-orders ("Middle District of Louisiana--Local Rules"). The Court's Administrative Filing Procedures can also be found on the Court's website.

[26] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005). *See Cephus v. Texas Health & Hum. Servs. Comm'n,* 146 F.Supp.3d 818, 825 (S.D. Tex. Nov. 19, 2015) ("A court may *sua sponte* raise a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction at any time. *Westland Oil Development Corp. v. Summit Transp. Co.,* 481 F.Supp. 15 (S.D. Tex. 1979), *aff'd,* 614 F.2d 768 (1980). Fed. Rule of Civil Procedure 12(h)(3) states, 'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.' *See Kidd v. Southwest Airlines Co.*, 891 F.2d 540, 545 (5th Cir.1990) ('[F]ederal courts must address jurisdictional questions *sua sponte* when the parties' briefs do not bring the issue to the court's attention.')….").